**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10807

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

STEPHEN JEROME BRINSON,

*Defendant- Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cr-00013-AW-MAF-1

————————————

Before NEWSOM, BRASHER, and ANDERSON Circuit Judges.

PER CURIAM:

Stephen Jerome Brinson appeals his resentence of 156 months' imprisonment for the distribution of fentanyl, which was an upward variance. On appeal, Brinson argues that his 156-month

resentence is substantively unreasonable because the district court did not consider mitigating factors, including his age, the guidelines range, his health, his remorse, and his time served for his violation of supervised release.

When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

On substantive reasonableness review, we may vacate the sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" to arrive at an unreasonable sentence based on the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted). The district court abuses its discretion if it: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1189 (quotation marks omitted).

The proper factors for the court to consider are set out in 18 U.S.C. § 3553(a), including (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, promote

25-10807                Opinion of the Court                3

respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant; (3) the kinds of sentences available; (4) the applicable Guidelines range; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)-(7).

We have underscored that we must give due deference to the district court to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). The district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

The sentencing court also has wide discretion to conclude that the § 3553(a) factors justify a variance. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009). The court may impose an upward variance if it concludes that the guideline range was insufficient in light of the defendant's criminal history. *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) (holding the district court properly imposed a variance based on its finding that the guideline range insufficiently considered the defendant's criminal history); *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287-88 (11th Cir. 2016) (holding the district court could place more weight on the defendant's unscored criminal history than his past traumas in

imposing an upward variance). Notably, "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *Rosales-Bruno*, 789 F.3d at 1263.

"A district court's failure to specifically mention certain mitigating factors do[es] not compel the conclusion that the sentence crafted in accordance with the § 3553(a) factors was substantively unreasonable." *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) (quotation marks omitted, alteration in original). "The district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence. Instead, [a]n acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id.* (quotation marks and citation omitted, alteration in original). Nonetheless, while extraordinary justification is not required, *Gall*, 552 U.S. at 47, the "justification for the variance must be sufficiently compelling to support the degree of the variance," *Irey*, 612 F.3d at 1187 (quotation marks omitted). Even if an upward variance is imposed, a sentence that is well below the statutory maximum for the offense is more likely to be reasonable. *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

Here, Brinson's sentence is substantively reasonable. The court considered the § 3553(a) factors by noting that Brinson committed the offense while on supervised release and sold a dangerous drug, he had not been adequately deterred by his previous sentences because he continued to traffic drugs, and the

public needed to be protected from the "tremendous harm" that fentanyl causes. *Irey*, 612 F.3d at 1189; *Shabazz*, 887 F.3d at 1224. Though Brinson argues that the court did not consider mitigating factors, it did consider his heart condition, his remorse, and his acceptance of responsibility, which it noted was part of the reason it lowered its sentence from the original sentence it imposed. 18 U.S.C. § 3553(a). The court was not required to discuss the time Brinson served, because it not required to mention all of the mitigating factors and it stated that it considered the § 3553(a) factors and Brinson's arguments. *Al Jaberi*, 97 F.4th at 1330. The court also considered that Brinson did not behave well on supervised release or in prison and that the guidelines range was "insufficient" considering how much of Brinson's criminal history was unscored. 18 U.S.C. § 3553(a).

Moreover, the court considered, and was entitled to place significant weight on, Brinson's criminal history because it reflected five of the § 3553(a) factors. *Rosales-Bruno*, 789 F.3d at 1254, 1263. The court justified its variance by explaining that Brinson continuously sold drugs, including dangerous drugs like fentanyl, and thus he needed to be deterred, and the public needed to be protected. *Irey*, 612 F.3d at 1186-87. It also found that the guidelines did not sufficiently account for Brinson's criminal history because many of his convictions, including for violent crimes and drug trafficking, were unscored. *Sanchez*, 586 F.3d at 936; *Osorio-Moreno*, 814 F.3d at 1287-88. Moreover, Brinson's 156-month sentence was sufficiently below the statutory maximum of

6                    Opinion of the Court                    25-10807

30 years, which indicates it was reasonable.  *Dougherty*, 754 F.3d at 1362.

**AFFIRMED.**